Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

Senke ZADRIMA, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–5956–ag.

United States Court of Appeals, Second Circuit.

June 23, 2006.

Charles Christophe, Christophe & Associates, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Carl J. Boykin, Assistant United

States Attorney, Syracuse, New York, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Senke Zadrima, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Alan Vomacka, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, even if the IJ erred in finding that Zadrima had not demonstrated membership in a particular social group, the IJ's adverse credibility finding was supported by substantial evidence, and, thus, Zadrima's asylum application was properly denied. First, Zadrima provided entirely inconsistent accounts of why she had fled Albania at her airport interview and her removal hearing. Zadrima admitted to having lied to the immigration officer during her airport interview and explained that her parents had warned her that she might be stopped at the airport and told her to lie and to tell the officer that she was engaged to be married to a man in the United States. As Zadrima testified at her hearing, however, she fled Albania because she feared being kidnaped and sold into prostitution. Further, as the IJ correctly explained, Zadrima's testimony regarding her father's political activities was inconsistent with the documentary evidence. Moreover, the IJ also properly found that the letter provided by Zadrima's parents in support of her application could not be given significant weight, as her parents had instructed Zadrima to lie to immigration officials, and there was no explanation as to why Zadrima's guardian, a relative of her mother who was supporting Zadrima in the United States and was present at the hearing, did not testify on Zadrima's behalf. *See Diallo v. INS,* 232 F.3d 279, 285 (2d Cir.2000) (noting that, where it is reasonable to expect corroborating evidence of a particular aspect of a petitioner's claim, the absence of such corroboration can lead to a finding that the petitioner has not met his burden of proof).

Although the IJ did not address Zadrima's claim for withholding of removal, remand on this claim would be futile. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 402 (2d Cir.2005) (finding remand futile where "there is no realistic possibility that the outcome would be dif-

ferent"). Because the only evidence of a threat to Zadrima's life or freedom depended upon Zadrima's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

■ However, the IJ's failure to address Zadrima's CAT claim cannot be dismissed in the same manner. "Because CAT relief does not require a credible subjective belief that torture will occur, the IJ must consider an applicant's CAT claim despite a negative credibility finding on the asylum and withholding-of-removal claims." *Cao He Lin,* 428 F.3d at 399. To establish eligibility for CAT, an applicant must establish that it is more likely than not that she will be tortured if removed to the proposed country of removal. *See* 8 C.F.R. § 1208.16(c)(2). Here, despite the Country Profile and other documents attesting to the abduction of young women in Albania, the IJ did not analyze, to any extent, Zadrima's likelihood of torture upon return, and specifically (1) whether abduction, forcing a girl into a trafficking ring, and selling her into sexual slavery may constitute torture; and (2) whether it is more likely than not that Zadrima would be subject to this harm.

The Country Profile for Albania from 2001, which was submitted to the IJ, explains that human trafficking in Albania is prevalent, especially for girls between fourteen and seventeen, and that these girls are commonly taken to Italy, or other countries, and sold into prostitution. According to the Profile, "Albanian ... women trafficked by Albanian organized crime networks are abused, tortured, and raped. Traffickers also may threaten their family members."

For the foregoing reasons, the petition for review is GRANTED in regard to Zadrima's CAT claim, the BIA's order in this respect is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Further, the petition is DENIED with regard to the remaining claims.

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).