of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**Senke ZADRIMA, also known as Angelina Lulgjuraj, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

No. 08–4954–ag.

United States Court of Appeals, Second Circuit.

July 15, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Charles Christophe, Christophe & Associates, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Richard M. Evans, Assistant Director; Andrew Oliveira, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and REENA RAGGI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Senke Zadrima, a native and citizen of Albania, seeks review of the September 19, 2008 order of the BIA affirming the June 22, 2007 decision of Immigration Judge ("IJ") Alan Vomacka, denying her application for relief under the Convention Against Torture ("CAT"). *In re Senke Zadrima,* No. A96 434 967 (B.I.A. Sept. 19, 2008), *aff'g* No. A96 434 967 (Immig. Ct. N.Y. City June 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, [ ] we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's finding that Petitioner failed to meet her burden of proof for CAT relief. Contrary to Petitioner's argument, the agency properly complied with this Court's prior order, which required it to independently analyze Petitioner's CAT claim. *See Zadrima v. Gonzales,* 187 Fed.Appx. 58, 58 (2d Cir.2006). Moreover, the agency was entitled to rely, in part, on the IJ's underlying adverse credibility determination, which we have previously affirmed. *See id.; see also United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir.2002) (emphasizing that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case") (citation omitted). Thus, to the extent Petitioner's CAT claim was based upon events that occurred in her past, the prior adverse credibility determination undermined her claim. *See Xue Hong Yang v. U.S. Dep't of Justice,*

426 F.3d 520, 523 (2d Cir.2005) (when the only evidence that petitioner was likely to be tortured depended upon the petitioner's credibility, an adverse credibility determination undercuts the claim for CAT relief).

In keeping with our prior order, both the IJ and the BIA also explicitly considered the Country Profile and other documents attesting to the abduction of young women in Albania. *See Zadrima*, 187 Fed. Appx. at 58 (requiring the agency to examine the Country Profile and other record documents and analyze Petitioner's likelihood of torture upon return). Yet, as the agency properly noted, the record does not indicate that trafficking crimes in Albania are being perpetuated by or with the acquiescence of the government. *See* 8 C.F.R. § 1208.18(a)(1) (defining torture, in pertinent part, "as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for [certain] purposes … when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"). The 2006 Country Report on Human Rights Practices for Albania discusses multiple efforts by the Albanian government to combat trafficking, including a child trafficking strategy and action plan based on United Nations Children's Fund guidelines, a full time anti-trafficking deputy minister, regional committees designed to combat trafficking, and an "ambitious anti-trafficking awareness program" in schools. Notwithstanding that the Country Report notes that "police officers continued to be involved in various forms of trafficking-related corruption," the record contains no evidence of government acquiescence in such trafficking but rather evidence that the government is attempting actively to address the trafficking problem. *See Delgado v. Mukasey*, 508 F.3d 702, 708 (2d Cir.2007) ("'Acquiescence' does not re-

quire official 'consent or approval'; it 'requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.'") (quoting *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir.2004)).

Moreover, Petitioner relies on generalized evidence concerning the trafficking of Albanian women and has submitted no particularized evidence indicating that she would more likely than not be abducted and sold into slavery. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160–61 (2d Cir.2005) (finding that a reasonable factfinder would not be compelled to conclude that petitioner would more likely than not be subject to torture if returned to China because petitioner offered "no particularized evidence to support her claim"); *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n. 21 (2d Cir.2003). Accordingly, the agency properly denied Petitioner's request for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).